HARTFORD ACCIDENT & INDEMNITY CO.
*vs.*
ROBERT E. HUNT

Superior Court        New Haven County        File No. 54699

MEMORANDUM FILED JULY 12, 1943.

*T. Holmes Bracken,* of New Haven, for the Plaintiff.

*Sachs, Sachs & Sachs,* of New Haven, for the Defendant.

McEVOY, J.  The record shows that this action was instituted on the 23rd day of March, 1938, and that it was returnable to and was returned to the Superior Court in and for New Haven County on the first Tuesday of May, 1938.

Thereafter, on June 18, 1940, judgment was entered in favor of the plaintiff to recover of the defendant $4,140.61 damages and costs.

Thereafter, on August 15, 1940, execution was issued by the clerk of this court in favor of the plaintiff and against this defendant in the sum of $4,211.17.

The officer's return on that execution is dated August 15, 1940, and the officer recited that he made demand upon the defendant; that he refused to pay, and that, although the officer made diligent search through his precinct for goods and estate of the defendant upon which to levy and satisfy the execution, the officer could find none.

The officer returned the execution wholly unsatisfied with fees claimed in the sum of $5.61.

Thereafter, on February 16, 1942, the plaintiff made an application to a judge of the Superior Court for examination of the judgment debtor.  This application was signed and summons issued for the defendant to appear for examination and that summons and order on the application was issued on February 24, 1942.

The officer's return shows that service of this application, and order and citation, was made upon the debtor on February 25, 1942.

The record does not disclose what proceedings were had nor what results attained upon that examination nor whether such examination was, in fact, had.

The plaintiff now seeks two things: (1) that an order be issued by this court requiring the defendant to show cause why he should not be ordered to make weekly payments upon the judgment, in accordance with the statute, section 1414e of the 1939 Cumulative Supplement to the General Statutes of the State of Connecticut; (2) in the plaintiff's brief the court is asked to "fix a date for the examination of debtor."

Taking these matters up in their reverse order:

The record shows that the plaintiff has already secured an application for an examination of the judgment debtor.

The proceedings which have to do with the examination of a judgment debtor are governed by the provisions of sections 5830-5833 of the General Statutes, Revision of 1930.

Fundamentally, such application for examination and the examination itself must be made to and before a judge of the Superior Court—as distinguished from the court.

In the prayer, which is at the end of the application for order to show cause, the plaintiff asks the court to issue an order that the defendant show cause why he should not be ordered to make weekly payments upon the judgment in accordance "with said statute referred to above."

The statute to which reference is made is section 1414e of the 1939 Supplement to the General Statutes. This statute became effective on June 16, 1939.

The record shows that the action was begun in 1938. Therefore, it was not begun under the provisions of section 1414e.

Upon the order to show cause there appears a blank paragraph 3.

The purpose of inserting this blank was to enable the plaintiff to allege, tersely, that it had made written demand upon the defendant in accordance with section 1414e of the 1939 Cumulative Supplement to the General Statutes for the payment of the debt.

This paragraph 3 of the application for the order is left blank. Obviously the reason that it is left blank and not filled out is that the pleader could not really claim to bring itself within the purview of the provisions of section 1414e.

Since the plaintiff has not proceeded in accordance with and by virtue of the provisions of section 1414e it may not now claim relief under the provisions of this section.

The application that this court issue an order that the defendant show cause, as prayed, is denied.

The application that this court issue an order for and fix a time for the examination of the judgment debtor is denied.